# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)  No. 11-1499** (Wood County 10-F-151)

**Nathaniel Pittman,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Robin S. Bonovitch, arises from the Circuit Court of Wood County, wherein he was sentenced to a term of incarceration of one to five years by order entered on September 22, 2011. The State, by counsel Michele Duncan Bishop, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Following petitioner's guilty plea to one felony count of delivery of a controlled substance, the circuit court suspended petitioner's sentence and committed him to the Anthony Center for the Youthful Offender Program for a term of six months to two years beginning on July 13, 2011. Petitioner was later discharged from the program as unfit, and, on September 22, 2011, the circuit court sentenced petitioner to a term of one to five years of incarceration. On appeal, petitioner argues that his sentence is excessive and violates his due process rights under both the United States Constitution and the West Virginia Constitution because the sentence is disproportionate to the character and degree of his crime. In support, petitioner argues that his young age and lack of a lengthy criminal history support a less severe sentence. In response, the State argues that petitioner initially received a less severe sentence in the form of probation, which was revoked for his continued use of marijuana. The State also notes that petitioner was then committed to the Anthony Center, from which he was discharged as unfit for making violent threats against other offenders and threatening to start a riot. As such, the State argues that nothing about petitioner's eventual sentence is shocking.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within

1

statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008).

Upon our review, we find no abuse of discretion by the circuit court in sentencing petitioner to incarceration following his return from the Anthony Center. Petitioner pled guilty to one felony count of delivery of a controlled substance in violation of West Virginia Code § 60A-4-401(a)(ii). Pursuant to that statute, any defendant convicted thereunder "may be imprisoned in the state correctional facility for not less than one year nor more than five years. . . ." Because the sentence imposed was within statutory limits and was not based on an impermissible factor, the Court finds no error.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II